2397-1



DeOrchis Wiener & Partners, LLP
61 Broadway, 26th Floor
New York, New York 10006-2802
(212) 344-4700

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DREDGING INTERNATIONAL MEXICO S.A.
DE C.V.,



07 Civ.

                      Plaintiff,

                                                       **VERIFIED COMPLAINT**
                                                 **AND RULE B ATTACHMENT**

   - against -


OCEANOGRAFIA S.A. DE C.V.,

                      Defendant.
-------------------------------------------------------------X

      Plaintiff DREDGING INTERNATIONAL MEXICO S.A. DE C.V., by its attorneys, De Orchis Wiener & Partners, LLP., as and for its Verified Complaint against Defendant OCEANOGRAFIA S.A. DE C.V., alleges upon information and belief, as follows:

      1.    This is an admiralty and maritime claim with the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333.

      2.    Venue is proper under 28 U.S.C. §§ 1391 (d) because Defendant OCEANOGRAFIA S.A. DE C.V. is an alien.

      3.    At and during all times hereinafter mentioned, Plaintiff DREDGING INTERNATIONAL MEXICO S.A. DE C.V., (hereinafter referred to as "DIMEX" or "plaintiff") was and still is, a corporation organized and existing under and by virtue of the laws of Mexico, with a principal place of business located at Avenida Costa de Oro 648,

Fraccionamiento Costa de Oro, Boca del Rio, Veracruz, Mexico. DIMEX, at all times hereinafter mentioned, was engaged in the business of seabed dredging, rock-dumping and marine engineering.

4. Upon information and belief, Defendant Oceanografia S.A. DE C.V., (hereinafter "Oceanografia" or "Defendant") is a corporation or other business entity incorporated under the laws of Mexico or some other foreign country, with an office and place of business located at Av. 4 Oriente Lote 5 Maz. D. Puerto Isla del Carmen, C.P. 24140, Ciudad del Carmen, Campeche, Mexico, and was at all times hereinafter mentioned engaged in the business of engineering and construction including the engineering and construction of underwater oil pipelines.

5. On or about November 26, 2006, Plaintiff DIMEX, entered into a "Subcontract Agreement" with Defendant pursuant to which Plaintiff agreed to perform tasks in connection with the laying of underwater oil pipelines including the underwater survey of the proposed route, the preparation of the seabed to receive the proposed pipelines and post-lay activities including the placement of quarried rock along the route of the pipelines to support and stabilize the pipelines, all for an agreed upon payment from Defendant.

6. Plaintiff DIMEX has completed the work contemplated under the subcontract agreement with Defendant and has rendered invoices for the work undertaken and completed. Despite communicating no complaint about the work done or the invoices rendered, Defendant has failed to make payment to DIMEX under the subcontract agreement in the amount of US$4,749,382.20 (Four-Million, Seven-Hundred Forty-Nine Thousand, Three-Hundred Eighty-Two and 20/100).

7. Plaintiff DIMEX has fulfilled all conditions precedent and is entitled to payment of the aforementioned amount plus interest. Defendant has refused to pay any portion of the amount due.

## APPLICATION FOR ISSUANCE
## OF A RULE B ATTACHMENT

8. Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

9. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District which subjects Defendant to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN Amro Bank, HSBC (USA), Bank of America, Wachovia, Citibank, American Express Bank, J.P. Morgan Chase, Bank of New York, The Clearing House Interbank Payments System LLC, The New York Clearing House Association LLC, and/or Standard Chartered Bank, which are believed to be due and owing to the Defendant.

10. The Plaintiff seeks an Order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching any assets of the Defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendant, to compel the Defendant to proceed to arbitration as provided under the subcontract agreement and to secure and/or satisfy the Plaintiff's claims as described above.

WHEREFORE, Plaintiff prays:

A.  That process in due form of law issue against the Defendant, citing Defendant to appear and answer under oath all and singular the matters alleged in the Complaint;

B.  That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, ABN Amro Bank, HSBC (USA), Bank of America, Wachovia, Citibank, American Express Bank, J.P. Morgan Chase, Bank of New York, The Clearing House Interbank Payments System LLC, The New York Clearing House Association LLC, and/or Standard Chartered Bank, which are believed to be due and owing to the Defendant OCEANOGRAFIA S.A. DE C.V., in the amount of US$4,749,382.20 to satisfy and/or secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B to answer the matters alleged in the Complaint;

C.  That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

D.  That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: New York, New York
December 18, 2007

DeOrchis Wiener & Partners, LLP
*Attorneys for Plaintiff*

By: _____
John A. Orzel (JO-2420)
61 Broadway, 26th Floor
New York, New York 10006-2802
(212) 344-4700

## VERIFICATION

John A. Orzel declares and states that he is a partner in the law firm of DeOrchis, Wiener & Partners, LLP, attorneys for Plaintiff in this action, and that the foregoing Verified Complaint is true to his knowledge, except as to matters therein stated on the information and belief and as to those matters, he believes them to be true; that the ground of his belief as to all matters not stated upon knowledge is information furnished to him to by Plaintiff; that the reason why the Verification is not made by Plaintiff is that Plaintiff is a corporation whose principal place of business is outside the New York County, and that due to the exigent nature of this proceeding it was not possible to obtain a Verification from Plaintiff; and that he is authorized to so verify.

I declare and state under penalty of perjury that the foregoing is true and correct.

Executed on December 18, 2007

_____
John A. Orzel