Michael J. Frevola
Christopher R. Nolan
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY 10007-3189
(212) 513-3200

ATTORNEYS FOR DEFENDANT
OCEANOGRAFIA S.A. DE C.V.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DREDGING INTERNATIONAL MEXICO S.A. DE C.V., <br><br> Plaintiff, <br><br> -against- <br><br> OCEANOGRAFIA S.A. DE C.V., <br><br> Defendant. | 07 Civ. 11394 (GEL) <br><br> **VERIFIED ANSWER** <br> **AND COUNTER-CLAIM** |

NOW COMES Defendant, Oceanografia S.A. de C.V. ("Oceanografia" or "Defendant"), by and through its attorneys, Holland & Knight LLP, answering the Complaint of Plaintiff Dredging International Mexico S.A. de C.V. ("DIMEX" or "Defendant"), and respectfully alleging upon information and belief, as follows:

1.      Admits the allegations set forth in paragraph "1" of the Verified Complaint.

2.      Admits that Oceanografia is an alien, but denies the remainder of the allegations set forth in paragraph "2."

3.      Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "3" of the Verified Complaint.

4.      Admits the allegations set forth in paragraph "4" of the Verified Complaint, except deny as imprecise and partly inaccurate DIMEX's characterization of the nature of Oceanografia's business.

5.      Admits that Oceanografia and DIMEX entered into the Subcontract Agreement under which DIMEX agreed to perform certain tasks, including but not limited to those set forth in paragraph "5" of the Verified Complaint but defined precisely by the terms of the Subcontract Agreement and which terms speak for themselves, and denies the remainder of the allegations set forth in paragraph "5" of the Verified Complaint.

6.      Admits that Oceanografia has received certain invoices from DIMEX, and has not made any payment to DIMEX in the amount of US$ 4,749,382.20 due to DIMEX's breach of the Subcontract Agreement, and denies the remainder of the allegations set forth in paragraph "6" of the Verified Complaint.

7.      Admits that Oceanografia has not made payment to DIMEX in the amount claimed in paragraph "6" of the Verified Complaint due to DIMEX's breach of the Subcontract Agreement, and denies the remainder of allegations set forth in paragraph "7" of the Verified Complaint.

8.      With respect to paragraph "8" of the Verified Complaint, Oceanografia repeats, reiterates and realleges each and every denial in paragraphs "1" through "7" of this Answer with the same force and effect as if fully set forth herein.

2

9.     Admit that garnishee banks in this District have attached monies in connection with this action, but denies the remainder of the allegations set forth in paragraph "9" of the Verified Complaint.

10.    Paragraph "10" asserts legal conclusions to which no response is required.

### FURTHER ANSWERING THE COMPLAINT, AND AS FOR SEPARATE, PARTIAL AND/OR COMPLETE DEFENSES THERETO, DEFENDANT OCEANOGRAFIA STATES:

11.    The Verified Complaint fails to state a cause of action upon which relief may be granted.

12.    Oceanografia is not liable to DIMEX on the causes of action alleged in the Verified Complaint.

13.    The attachments were improper and do not confer *in personam* jurisdiction over Oceanografia.

14.    This Court lacks *quasi in rem* jurisdiction over Oceanografia.

15.    DIMEX has improperly and/or insufficiently served process on Oceanografia.

16.    DIMEX's claims are barred by the equitable doctrine of unclean hands.

17.    If any damages were sustained by DIMEX, as alleged in the Verified Complaint, they were proximately caused by the negligent acts of third persons whom Oceanografia has no direction or control.

18.    DIMEX is guilty of culpable conduct in the events giving rise to the claims now asserted in the Verified Complaint, and its recovery, if any, must be diminished in proportion thereto.

19.     DIMEX's claims are overstated in the level of security sought from and provided by Oceanografia and should be reduced to a reasonable sum.

20.     Oceanografia pleads by way of defense and/or limitation every provision in the Subcontract Agreement.

21.     Plaintiff's claim is subject to arbitration in Houston, Texas and Mexican law pursuant to the Subcontract Agreement, and Oceanografia has no liability to DIMEX as a matter of law.

22.     DIMEX has failed to mitigate its damages.

23.     This Answer and Counter-claim is made without waiver of any of the jurisdictional defenses or rights to arbitrate that may exist between the parties.

## OCEANOGRAFIA'S COUNTERCLAIM

As for its Counter-claim against the Plaintiff DIMEX, Defendant Oceanografia S.A. de C.V. alleges as follows:

24.     At all material times herein, Oceanografia's corporate offices were and are located at S. Díaz Mirón 1012 altos., Col. Ma. De la Piedad, 96410 Coatzacoalcos, Veracruz, Mexico, and maintains a branch office and headquarters are located at Av. 4 Oriente Lote 5 Maz. D. Puerto Isla del Carmen, C.P. 24140.

25.     Oceanografia's counter-claim arises under the Subcontract Agreement referenced in paragraph "5" of the Verified Complaint whereby Oceanografia, as Contractor, contracted with DIMEX, as Subcontractor, on November 26, 2006.

4

26.     The purpose of the Subcontract Agreement was to perform certain work under a contract ("Main Contract") that Oceanografia has with a third party, PEMEX Exploration and Production ("PEMEX"), to install an oil pipeline as part of the KUMAZA Project in La Sonda de Campeche, an oil producing region of Mexico ("Project").

27.     The Main Contract is considered a government contract. Mexican law, similar to U.S. law, contains a provision applicable to government contracts whereby contractors are forbidden from bidding on future government contracts for three years after the default on a government contract.

28.     In order to perform its work under the Subcontract Agreement, DIMEX secured use of the "Dynamic Positioned Fall Pipe Vessel" TIDEWAY ROLLINGSTONE, which subsequently performed work on behalf of DIMEX under the Subcontract.

29.     The Subcontract only involved one segment of the Project called the Package L comprised of pipelines 48 and 50. DIMEX's work performed on pipeline 48 ("KMZ 48") is the subject of both DIMEX's Verified Complaint and this counter-claim.

30.     Under Section 2.1 of the Subcontract Agreement:

> The SUBCONTRACTOR [DIMEX] undertakes to perform the work, supplies, products and services specified in the Exhibit B of this Subcontract Agreement related to Provision of Rock Dumping Services in respect to PEMEX Kumaza Package L Project, Mexico, hereinafter referred to as the "Services."

31.     Under Section 2.2 of the Subcontract Agreement:

> The SUBCONTRACTOR undertakes to perform the Services in accordance with this Subcontract Agreement, in a professional and careful manner.

5

32.    Exhibit B of the Subcontract sets forth the "Scope of Work," and provides that DIMEX will perform, *inter alia,* both pre-lay and post-lay rock dumping to create a continuous berm along the length of the KMZ 48, though Oceanografia was responsible for the laying of the pipeline.

33.    The purpose of the pre-lay rock dumping was to ensure separation between the coral reef and pipelines, and the purpose of the post-lay rock dumping was to support and stabilize the continuous pre-lay supports.

34.    Shortly after Oceanografia began laying the pipeline along the pre-lay rock berm route set by DIMEX, DIMEX admitted in a notice to Oceanografia that it had placed the pre-lay rock berm for KMZ 48 in the wrong location.

35.    DIMEX's placing of the pre-lay rock berm in the wrong location constitutes a material breach of the Subcontract Agreement resulting in damages to Oceangrafia for which DIMEX is liable.

36.    Oceanografia incurred damages presently estimated in the amount of US$786,013.25, the market value for eight days of work that was performed by Oceanografia's vessel, the WITCH QUEEN, which corrected the misplacement of the pipeline caused by DIMEX's contractual breach.

37.    As a result of DIMEX's failure to properly lay the pre-lay rock berm, construction of KMZ 48 was delayed for an amount presently estimated at 27.17791667 days directly attributable to DIMEX's contractual breach.  Ultimately, PEMEX fined Oceanografia US$5,121,221.30 under the Main Contract for 112 days of work on KMZ 48.  Of those 112 days,

6

an amount presently estimated as 27.17791667 days directly is attributable to DIMEX's breach of the Subcontract Agreement, totaling US$1,242,715.41, which DIMEX owes Oceanografia.

38.    Due to DIMEX's breach of the Subcontract Agreement and the resulting delays, work on KUMAZA Project was further delayed an amount estimated as a total of ten days due to inclement weather which would not have been encountered had DIMEX's work been completed properly in accordance with the terms of the Subcontract Agreement.  The daily hire rate for the BOLD ENDURANCE is $176,219.63.  Using this hire rate for the KUMAZA project work (including KMZ 50), the ten-day weather delays resulted in $1,762,190.63 in damages.

39.    Oceanografia also is due US$524,971.42 from DIMEX for 2019.5 cubic meters of quarry rock, which it purchased for the KMZ 48 pipeline, and which DIMEX rendered useless by laying it in the wrong location in breach of the Subcontract Agreement.

40.    Oceanografia also suffered a net loss for having to mitigate DIMEX's failure to finish the Project by self-performing DIMEX's tasks as set forth in the Subcontract Agreement after DIMEX's withdrawal of its vessel TIDEWAY ROLLINGSTONE.  It cost Oceanografia US$2,476,231.00 more for it to perform DIMEX's duties on KMZ 50 (the second pipeline comprising Project L) which DIMEX agreed to perform to perform under the Subcontract Agreement.

41.    Because the Main Contract is a government contract, Oceanografia  was bound to complete its performance.  A breach of the Main Contract with PEMEX would result in a three-year hiatus during which Oceanografia would be forbidden from bidding on all PEMEX projects, resulting in even greater losses than those stated in paragraph "40" herein.

7

42.    Oceanografia also is entitled to US$535,540.72 constituting its lost profits under KMZ 50, which would have been earned had DIMEX not breached the Subcontract Agreement.

43.    Based on paragraphs "36" through "42," DIMEX owes Oceanografia US$7,327,662.43 due to its breach of the Subcontract Agreement.

44.    Clause 6.1 of the Subcontract Agreement provides for the application of Mexican law.

45.    Clause 6.2 of the Subcontract Agreement provides that all disputes arising out of or, in connection, with the Subcontract shall be arbitrated in Houston in accordance with the Rules of Arbitration of the International Chamber of Commerce ("ICC Rules").

46.    Oceanografia shall file for arbitration in accordance with the terms of the Subcontract Agreement, and its Answer and counter-claim herein are not and cannot be considered a waiver of the parties' agreement to arbitrate.

## PRAYER FOR RELIEF

WHEREFORE, the Defendant Oceanografia S.A. de C.V. respectfully requests:

1.    That this Court dismisses the Plaintiff's Verified Complaint against the Defendant with prejudice;

2.    That this Court cites Plaintiff to answer under oath all allegations in Defendant's counter-claim;

3.    That pursuant to the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, this Court issue an Order directing Plaintiff to post counter-security in the sum of US$7,327,662.43, failing which, (a) Plaintiff be enjoined from prosecuting its claims against Oceanografia here, in the Houston arbitration, or any other venue; and/or (b)

8

Plaintiff's attachment of any and all of Defendant's property attached in this action pursuant to Rule B of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions immediately be vacated;

4.      That upon the posting of Plaintiff's counter-security in the sum of US$7,327,662.43, that this matter be placed on the suspense calendar pending arbitration in Houston, and that this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

5.      That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the counter-claim set forth herein as a Judgment of this Court; and

6.      That this Court grant Oceanografia such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            March 25, 2008

                        HOLLAND & KNIGHT LLP

                        By: _____
                        Michael J. Frevola
                        Christopher R. Nolan
                        HOLLAND & KNIGHT LLP
                        195 Broadway
                        New York, New York 10007
                        (212) 513-3200

                        *Attorneys for Defendant*
                        *Oceanografia S.A. de C.V.*

TO:     DeOrchis, Wiener & Partners
        John A. Orzel
        61 Broadway, 26th Floor
        New York, New York
        10006-2820
        *Attorneys for Plaintiff*

## VERIFICATION

STATE OF NEW YORK        )

                              :ss.:

COUNTY OF NEW YORK    )

MICHAEL J. FREVOLA, being duly sworn, deposes and says:

     I am a member of the firm of Holland & Knight LLP, counsel for Oceanografia S.A. de C.V. ("Oceanografia"), defendant in the foregoing action. I have read the foregoing Verified Answer and counter-claim and know the contents thereof, and the same are true and correct to the best of my knowledge. I have reviewed documentation provided to me by Oceanografia and corresponded with Oceanografia's representatives regarding this matter. I am authorized by Oceanografia to make this verification, and the reason for my making it as opposed to an officer or director of Oceanografia is that there are none within the jurisdiction of this Honorable Court.

_____

Michael J. Frevola

Sworn to before me this
25th day of March, 2008

_____

Notary Public

Elvin Ramos
Notary Public, State of New York
NO. 01RA4870243
Qualified in Queens County
Certificate filed in New York County
Commission Expires September 2, 2010

# 5220991_v1

10